JOYNES, J.,
delivered the decree of the court:
*The court, without deciding whether or not it would have been competent to the stockholders of the Washington, Alexandria and Georgetown Railroad Company to make such a lease of their railroad as that in the proceedings mentioned, which is a question that does not arise in this cause, is of opinion that it was not competent for the board of directors of the said company, without the sanction of a lawful meeting of the stockholders, to make the lease in the proceedings mentioned: 1. Because a board of directors of a railroad company have no authority to make such a lease under the powers vested in such a board by law; and 2. Because the said lease was in contravention of the sixth article of the by-laws of said company, which provides, that no contract shall be made “involving the franchise of said road, except the same be approved by a general meeting representing .a majority of the stock, after being recommended by a majority of the stockholders;” the court being of opinion that, while the said lease does not involve the essential franchise of the said company to be a corporation, it does involve the franchise to take tolls upon the road of said company, which comes within the meaning of “the franchise of said road,” as expressed in the said by-law. And the court is further of opinion, that although, by the eighteenth article of the by-laws of said company, authority is given to the board of directors to alter or amend any of the said by-laws, the said board had no-authority, under the said by-law or otherwise, to disregard or to alter the said provision of the sixth by-law, which was intended to,impose, a limitation upon the powers of the board of directors.
The court is further of opinion, that the said lease, having been made by the board of directors, two ■ of whom had been concerned in the fraudulent issue of a very large amount of spurious stock, greatly exceeding in amount the lawful stock of the company, having been made on the *very day on which the regular term of office of said directors was to-expire, -and on which the annual meeting of the stockholders of said company should regularly have been held, and when the said board of directors had failed to issue the call which it was their duty to issue for the said meeting; being made to two-persons in the employment of said company, one of whom had been an agent, to some extent, in the issue of a large amount of such spurious stock, and securing to the said lessors a clear profit, except the amount payable for taxes, to the extent of one-half of the gross earnings of said company during the term of the said lease, besides the sum of seven thousand dollars per annum, to be paid by the Adams Express Company under a previous contract with the said railroad company; and charging all the debts and expenses of the said company, except the taxes upon the shares of the gross earnings reserved to the said company, the same must be regarded as a fraud upon the rights of the stockholders; and that this conclusion is not repelled by the statement that the said lease was made after consultation with a majority of the stockholders, and with their approval, because: 1. It does not appear whether the stockholders thus consulted were the holders of genuine stock or of spurious stock; and 2. The approval of stockholders thus informally obtained could have no legal force .or effect. The court is, therefore, of opinion, that the said lease is null and void, and should be so declared upon the final hearing of this cause.
The court is further of opinion, that while, for the reasons assigned in the case of Gardiner v. The London, Chatham and Dover Railway Company, 2 Law Reports (Chancery Appeals) 201, a court of chancery will be reluctant to appoint a receiver to take charge of and manage a railroad, it is competent to do so where ' such a course is indispensable to secure the rights of the legitimate stockholders, *añd to prevent a failure of justice. And the court is of opinion, that under the cir *835 cumstances of this case, it was proper for the court to appoint a receiver to take charge of and manage the said railroad until it can be ascertained, by a proper en-quiry, to be made in this cause, who are the legitimate stockholders of said company, to whom the custody and management of said railroad should be committed. And the court is of opinion, that it is not made to appear that the Circuit Court erred in not appointing the lessees as the receivers to manage the said railroad during the pendency of this cause.
But the court is of opinion, that it was not proper to enjoin Robert W. Batham, Joseph B. Stuart, Samuel M. Shoemaker, Oscar A. Stevens and J. Deane Smith from acting as directors and officers of said railroad company, or doing any act as such; such an order not being necessary to accomplish the object of the principal, order.
The court is, therefore, of opinion, that the said order of the Circuit Court be amended by striking therefrom the order of injunction last mentioned, and that the said order as amended be affirmed; and that the appellants pay to the appellees their costs, &c.
Decree amended and affirmed.